IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00601-WCM

| | | |
|---|---|---|
| JOHNNY KING DUNCAN, | ) | |
| | ) | |
| Plaintiff, | ) | ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Plaintiff's Consent Petition for Attorney Fees Under the Equal Access to Justice Act 28 U.S.C. § 2412 (the "Motion," Doc. 16).

Under the Equal Access to Justice Act ("EAJA"), a court must award attorney's fees to a prevailing plaintiff in a civil action against the United States unless the court finds that the Government's position was "substantially justified" or that "special circumstances" would make such an award unjust. 28 U.S.C. § 2412(d)(1)(A). Because the Court ordered that this case be remanded to the Social Security Administration, Plaintiff is properly considered a "prevailing party" in this action. See Shalala v. Schaefer, 509 U.S. 292, 302, 113 S.Ct. 2625, 2635, 125 L.Ed.2d 239 (1993); Docs. 14 & 15.

An award of attorney's fees under the EAJA must be "reasonable." 28

1

U.S.C. § 2412(b). It is within the court's discretion to award attorney's fees above the statutory hourly rate. See Payne v. Sullivan, 977 F.2d 900, 903 (4th Cir. 1992).

The Motion indicates that Plaintiff seeks $3,350.00 in fees. Doc. 16. Plaintiff represents that the Commissioner consents to the Motion, and that counsel have settled upon the amount sought "for 13.00 hours of attorney work and 2.95 hours of paralegal time performing attorney tasks." Id. at 1.[1] Plaintiff's counsel has also submitted a summary of time spent on this civil action. Doc. 16-1.

After review and consideration of the Motion, the supporting documents, and applicable authority, the Court will allow the Motion.

**IT IS THEREFORE ORDERED THAT:**

(1) Plaintiff's Consent Petition for Attorney Fees under the Equal Access to Justice Act 28 U.S.C. § 2412 (Doc. 16) is **GRANTED** and Plaintiff is awarded attorney's fees in the amount of $3,350.00. ("Fee Award").

(2) As EAJA fees belong to the litigant and are subject to offset under

---

[1] "Although fees for paralegal time may be recoverable under the EAJA, such fees are only recoverable to the extent they reflect tasks traditionally performed by an attorney and for which the attorney would customarily charge the client." Hyatt v. Barnhart, 315 F.3d 239, 255 (4th Cir. 2002) (citing Jean v. Nelson, 863 F.2d 759, 778 (11th Cir. 1988)).

2

the Treasury Offset Program, see Astrue v. Ratliff, 560 U.S. 586, 589 (2010), the Fee Award shall be paid by Defendant as follows:

a. If Plaintiff has federal debt registered with the Department of the Treasury that may be offset by the Fee Award, such amount of the Fee Award as is necessary to satisfy Plaintiff's federal debt shall be so used, up to and including the entire amount of the Fee Award.

b. The remaining balance of the Fee Award after application of the offset, if any, described above shall be delivered by Defendant to Plaintiff's counsel on behalf of Plaintiff.

Signed: April 28, 2023

W. Carleton Metcalf
United States Magistrate Judge